**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
ALI S. CARLSEN, State Bar No. 289964
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Marcia Marsh, individually
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA MARSH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>VACASA LLC, an Oregon limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Overtime Wages;<br>3. Failure to Provide Meal Periods;<br>4. Failure to Permit Rest Breaks;<br>5. Failure to Reimburse for Business Expenses;<br>6. Failure to Provide Accurate Itemized Wage Statements;<br>7. Failure to Pay All Wages Due Upon Separation of Employment;<br>8. Violation of Business and Professions Code §§ 17200, *et seq.;*<br>9. Violation of Fair Labor Standards Act; and<br>10. Violation of Cal. Lab. Code §§ 2698, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

Plaintiff Marcia Marsh, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1. Plaintiff Marcia Marsh ("Plaintiff") brings this putative class, representative, and collective action against defendant VACASA LLC ("Defendant" or "VACASA"), on behalf of herself individually and a putative class of non-exempt employees employed by Defendant throughout the United States, and with regard to particular claims herein, the State of California, within the applicable class periods.

2. VACASA is a vacation rental property management company.

3. Through this action, Plaintiff is alleging that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Orders, and federal Fair Labor Standards Act ("FLSA"), all of which contribute to Defendant's deliberate unfair competition.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant has increased its profits by violating federal and state wage and hour laws by, among other things:

(a) Failing to pay all wages (including minimum wage and overtime wages);

(b) Failing to provide meal periods or compensation in lieu thereof;

(c) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(d) Failing to reimburse for business-related expenses;

(e) Failing to provide accurate itemized wage statements;

(f) Failing to keep true and accurate time records; and

(g) Failing to pay all wages due upon separation of employment.

5. Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

penalties pursuant to Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698 *et seq.*, 2800, 2802, and 29 U.S.C. § 201, *et. seq.*

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382, a representative action brought under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* ("PAGA"), and a collective action under the FLSA, 29 U.S.C. §§ 201 *et seq.*

7.      This Court has subject matter jurisdiction under 29 U.S.C. §§ 201 *et seq.*, which is a federal statute. Further, this Court has supplemental jurisdiction to consider claims arising under California state law pursuant to 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Defendant because it conducts or has conducted business in this District, is registered or has been registered to do business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391 because this District is where a substantial part of the events or omissions giving rise to the claims occurred and at least one of the Defendant is subject to the court's personal jurisdiction because they reside in this District.

## THE PARTIES

10.      Plaintiff Marcia Marsh is a resident of California.

11.      Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, was and is an employer as defined in and subject to the Labor Code and IWC Wage Orders, and the FLSA, whose employees were and are engaged throughout this county and the State of California.

12.      Plaintiff is informed and believes, and thereon alleges, that Defendant provides vacation rental property management services throughout the United States

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

in California, Colorado, Florida, Georgia, Hawaii, Idaho, Maine, Maryland, Massachusetts, Oregon, Tennessee, Texas, Utah, Vermont, and Washington.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

13.     Plaintiff brings the Ninth Cause Action below, for violations of the Fair Labor Standards Act (FLSA), as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §201, *et seq.* on behalf of all persons currently or formerly employed by Defendant in the United States as non-exempt employees ("Covered Employees") within three years prior to the filing of this action to the present ("FLSA Class Period").

14.     At all relevant times, Plaintiff and the other Covered Employees have been similarly situated and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them for all their hours worked and willfully failing to keep records required by the FLSA.  The claims of Plaintiff stated herein are similar to those of the other Covered Employees.

15.     The Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C.§ 201, *et seq.*  The Covered Employees are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the Covered Employees via first class mail to the last address known to their employer.

## **CLASS ACTION ALLEGATIONS**

16.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all others similarly situated who were affected by Defendant's Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

17.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

18.     Plaintiff's proposed Class consists of and is defined as follows:

California Class

All current and former non-exempt employees employed by Defendant in the State of California within four years prior to the filing of this action to the present.

FLSA Class

All current and former non-exempt employees employed by Defendant in the United States within three years prior to the filing of this action to the present.

19.     Plaintiff also seeks to certify the following Subclass of employees:

California Waiting Time Subclass

All Class members who worked in California and separated their employment with Defendant at any time within three years prior to the filing of this action to the present.

20.     Plaintiff reserves the right to establish other or additional Subclasses, or modify any Class or Subclass definition, as appropriate.

21.     Members of the Class and Subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to re-define the above Class and Subclass and add additional Subclasses as appropriate based on investigation, discovery and specific theories of liability.

22.     This action has been brought and may properly be maintained as a class action under the Federal Rules of Civil Procedure ("FRCP") Rule 23, California Code of Civil Procedure § 382, and as a collective action pursuant to 29 U.S.C. § 216 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a)     Whether Defendant rounded time punches in its favor, resulting in a failure to pay at least minimum wage for all hours worked by Plaintiff and class members;

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

1    (b)    Whether Defendant failed to pay Plaintiff and class members at least

2    minimum wage by failing to pay for travel time between job locations;

3    (c)    Whether Defendant required Plaintiff and class members to work over 8

4    hours per day, over twelve (12) hours per day and/or over forty (40) hours per week

5    and failed to pay them overtime compensation at the proper rate;

6    (d)    Whether Defendant violated the FLSA by failing to pay overtime

7    compensation to its non-exempt employees who worked in excess of forty (40) hours

8    per week;

9    (e)    Whether Defendant deprived Plaintiff and class members of timely meal

10   periods or required Plaintiff and class members to work through meal periods without

11   compensation;

12   (f)    Whether Defendant deprived Plaintiff and class members of rest breaks

13   or required Plaintiff and class members to work through rest breaks without

14   compensation;

15   (g)    Whether Defendant failed to reimburse Plaintiff and class members for all

16   necessary business expenses;

17   (h)    Whether Defendant failed to provide accurate itemized wage statements

18   to Plaintiff and class members;

19   (i)    Whether Defendant failed to keep true and accurate time records for

20   Plaintiff and class members;

21   (j)    Whether Defendant failed to timely pay all wages due to Plaintiff and

22   California Waiting Time Subclass members upon termination or within seventy-two

23   (72) hours of resignation;

24   (k)    Whether Defendant's conduct was willful or reckless; and

25   (l)    Whether Defendant engaged in unfair business practices in violation of

26   Business and Professions Code §§ 17200, *et seq.*

27   ///

28   ///

6

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

23.     There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

(a)     Numerosity: The members of the Class and Subclass are so numerous that joinder of all members is impractical.  Although the members of the entire Class and Subclass are unknown to Plaintiff at this time, on information and belief, the class is estimated to be greater than one hundred (100) individuals.  The identities of the Class and Subclass are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)     Typicality: The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the class because Defendant's failure to comply with the provisions of California's wage and hour laws and the FLSA entitled each class member to similar pay, benefits and other relief.  The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class and Subclass, because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)     Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all members of the Class and Subclass because it is in her best interests to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class and Subclass.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification and settlement.  Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority: The nature of this action makes use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire Class and Subclass.  If appropriate this Court can, and is

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

empowered to, fashion methods to efficiently manage this case as a class and/or collective action.

(e)     Public Policy Considerations: Employers in the United States, and in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## **GENERAL ALLEGATIONS**

24.     Defendant employed Plaintiff as a non-exempt employee in California from approximately March 2016 through December 2016.  Throughout her employment with Defendant, Plaintiff job duties and responsibilities included providing housekeeping services to the vacation properties located in California that Defendant manages.

25.     Plaintiff is informed and believes, and thereon alleges that Defendant continues to employ non-exempt employees within California.

26.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law and the FLSA.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages and that they were not receiving at least minimum wages for work that was required to be performed.  In violation of the Labor Code, IWC Wage Orders, and the FLSA, Plaintiff and class members were not paid at least minimum

8

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

wages for all hours worked. This failure to pay for all time worked included failure to pay for time rounded to Defendant's advantage, and failure to pay for travel time between job locations. For example, on September 5, 2016, Plaintiff worked from approximately 11:30am to 7:00pm. Plaintiff worked at two separate properties, but was not paid for time spent traveling from the first property to the second property – she was only paid for time spent while actually on Defendant's properties.  Plaintiff's time records show that Plaintiff clocked out from 4:30pm to 5:00pm, then clocked back in at the second location when she was scheduled to work at 5:00pm. During this period (4:30pm-5:00pm), Plaintiff was required to be off the clock, but had to travel to the second location she was scheduled to work at that day, and thus, Plaintiff was not compensated for all hours worked that day. Furthermore, Plaintiff was not provided with an uninterrupted meal period of at least thirty (30) minutes.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation. In violation of the Labor Code, applicable IWC Wage Order, and the FLSA, Plaintiff and class members were not properly paid for all of their overtime work. This failure to pay for all time worked included failure to pay for time rounded to Defendant's advantage and failure to pay for travel time between job locations and paying straight time for all overtime hours worked. For example, on April 23, 2016, Plaintiff worked for Defendant for a total of approximately 8.5 hours. However, Plaintiff was not compensated for the .5 hours of overtime at the applicable overtime rate, instead, Plaintiff was paid straight time.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that, Plaintiff and class members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all meal periods or payment of one (1) additional hour of pay

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

at Plaintiff and class members' regular rate of pay when they did not receive a timely, uninterrupted meal period. For example, on June 22, 2016, Plaintiff worked for Defendant for approximately six (6) hours without being provided with a meal period. Plaintiff is informed and believes that no valid meal period waiver exists between Plaintiff and Defendant. Additionally, Plaintiff was not provided with premium pay for not receiving a meal period.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that, Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed. Plaintiff often missed rest periods, or was not provided rest periods at the appropriate interval due to the requirements of the job in needing to clean the locations quickly.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that, Plaintiff and class members were entitled to reimbursement for all business-related expenditures.  In violation of the Labor Code, Plaintiff and class members did not receive indemnification for all business-related expenditures. For example, on April 23, 2016 and September 5, 2016, Plaintiff was required to utilize her personal vehicle to travel from one of Defendant's locations to another. However, Plaintiff was not compensated for the use of her personal vehicle. Moreover, Plaintiff was required to use her personal cell phone and/or computer with internet access for business-related purposes. Plaintiff is informed and believes, and thereon alleges that Defendant did not compensate Plaintiff for the use of her personal cell phone and/or computer with internet access.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and class members were entitled to receive

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

itemized wage statements that accurately showed their gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law.  In violation of the Labor Code, Plaintiff and class members were not provided with accurate itemized wage statements. This failure was as a result of the violations described herein.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Waiting Time Subclass members were entitled to timely payment of wages due upon separation of employment.  In violation of the Labor Code, Plaintiff and Waiting Time Subclass members did not receive payment of all wages within permissible time periods.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known they had a duty to compensate Plaintiff and class members, and Defendant had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendant's profits.

## FIRST CAUSE OF ACTION
## <u>FAILURE TO PAY MINIMUM WAGES</u>
(On Behalf of the California Class)
(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)

35.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

36.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

37.     During the relevant time period, Defendant paid Plaintiff and California Class members less than minimum wages. To the extent these hours do not qualify for

the payment of overtime, Plaintiff and California Class members were not being paid at least minimum wages for their work.

38.    During the relevant time period, Defendant paid Plaintiff and California Class members less than minimum wages when they rounded Plaintiff's and class members' time punches to Defendant's advantage, and failed to pay for travel time between job locations, among other reasons. To the extent these hours do not qualify for the payment of overtime, Plaintiff and California Class members were not being paid at least minimum wages for their work.

39.    During the relevant time period, Defendant regularly failed to pay at least minimum wages to Plaintiff and California Class members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

40.    Defendant's failure to pay Plaintiff and California Class members the required minimum wages violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

41.    Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME AND DOUBLE TIME</u>
### (On Behalf of the California Class)
(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)

42.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

44.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendant were required to compensate Plaintiff and California Class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

45.     Plaintiff and California Class members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

46.     During the relevant time period, Defendant failed to pay Plaintiff and California Class members all overtime and double time wages.

47.     During the relevant time period, Defendant failed to pay Plaintiff and California Class members all overtime and double time wages owed when they rounded Plaintiff's and class members' time punches to their advantage, and failed to pay for travel time between job locations, among other things. To the extent these hours qualify for the payment of overtime, Plaintiff and class members were not being paid overtime wages for their work

48.     In violation of state law, Defendant has knowingly and willfully refused to perform its obligations and compensate Plaintiff and California Class members for all wages earned and all hours worked, including work performed off the clock as alleged above.

49.     Defendant's failure to pay Plaintiff and California Class members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

50.     Pursuant to Labor Code § 1194, Plaintiff and California Class members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs and attorneys' fees.

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**<u>FAILURE TO PROVIDE MEAL PERIODS</u>**

(On Behalf of the California Class)

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

51.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein

52.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

53.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

54.    Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

55.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

56.    During the relevant time period, Plaintiff and California Class members did not receive compliant meal periods for working more than five (5) and/or ten (10)

hours per day because their meal periods were short, missed, or late and/or they were not permitted to take a second meal period.

57.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

58.    At all relevant times, Defendant failed to pay Plaintiff and California Class members meal period premium for missed, late, and untimely meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

59.    As a result of Defendant's failure to pay Plaintiff and California Class members an additional hour of pay for each day a meal period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION
## <u>FAILURE TO PERMIT REST BREAKS</u>

(On Behalf of the California Class)

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

60.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

62.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

63.    During the relevant time period, Plaintiff and California Class members did not receive a ten (10) minute rest period for every four (4) hours or major fraction

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

thereof worked because they were required to work through their daily rest periods and/or were not authorized to take their rest periods.

64.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

65.     At all relevant times, Defendant failed to pay Plaintiff and California Class members rest period premium for missed or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

66.     As a result of Defendant's failure to pay Plaintiff and California Class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE FOR BUSINESS EXPENSES</u>**

(On Behalf of the California Class)

(Violation of Labor Code §§ 2800 and 2802; Violation of IWC Wage Order § 9)

67.     Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

68.     Labor Code § 2800 states that an employer shall in all cases indemnify his employee for losses.

69.     Labor Code § 2802 requires employers to indemnify their employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties.

70.     During the relevant time period, Plaintiff and California Class members incurred necessary business-related costs that were not fully reimbursed by Defendant.

///

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

71.     Defendant has intentionally and willfully failed to reimburse Plaintiff and California Class members for necessary business-related expenses and costs.  Defendant's conduct violates Labor Code §§ 2800 and 2802.

72.     Plaintiff and class members are entitled to recover from Defendant their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to Labor Code §§ 2800 and 2802.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(On Behalf of the California Class)

(Violation of Labor Code § 226)

73.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

74.     Labor Code § 226(a) requires Defendant to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

75.     During the relevant time period, Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and California Class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours

17

worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and California Class members.

76.     As a result of Defendant's knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and California Class members have suffered injury and damage to their statutorily-protected rights.  Specifically, Plaintiff and California Class members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendant intentionally violated Labor Code § 226(a).  Plaintiff and California Class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendant failed to provide the accurate rates of pay on wage statements, Defendant has prevented Plaintiff and California Class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff has had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendant provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant.

77.     Plaintiff and California Class members are entitled to recover from Defendant the greater of all actual damages caused by Defendant's failure to comply with Labor Code § 226(a), or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

78.     Defendant's violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant. As a result of Defendant's knowing and intentional failure to comply with California Labor

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

Code § 226(a), Plaintiff and California Class members have suffered an injury, the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

79.    Plaintiff and California Class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendant to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(On Behalf of the California Class)

(Violation of Labor Code §§ 201, 202 and 203)

80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

82.    During the relevant time period, Defendant willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

83.    Defendant's failure to pay Plaintiff and California Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72)

hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

84.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

85.     Plaintiff and Waiting Time Subclass members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiff's and California Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

(On Behalf of the California Class)

86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87.     Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and California Class members. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

88.     Defendant's activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

89.     A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

///

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

90.     Defendant's policies and practices have violated the FLSA by failing to compensate Plaintiff and FLSA Class members with all required minimum wage and overtime wages.

91.     Defendant's policies and practices have violated state law in at least the following respects:

(a)     Failing to pay at least minimum wage to Plaintiff and California Class members in violation of Labor Code §§ 1194 and 1197;

(b)     Failing to compensate Plaintiff and California Class members with all required overtime and double time pay as herein alleged in violation of Labor Code §§ 510, 1194 and 1198;

(c)     Failing to provide meal periods without paying Plaintiff and California Class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(d)     Failing to authorize or permit rest breaks without paying Plaintiff and California Class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(e)     Failing to reimburse Plaintiff and California Class members for business-related expenditures in violation of Labor Code §§ 2800 and 2802;

(f)     Failing to provide Plaintiff and California Class members with accurate itemized wage statements in violation of Labor Code § 226;

(g)     Failing to maintain the employment records of Plaintiff and California Class members in violation of Labor Code §§ 1174 and 1174.5; and

(h)     Failing to timely pay all earned wages to Plaintiff and California Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

92.     Defendant intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendant an artificially lower cost of doing

business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

93.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**NINTH CAUSE OF ACTION**

**<u>UNLAWFUL FAILURE TO PAY WAGES</u>**

(On Behalf of the FLSA Class)

(Violation of the Fair Labor Standards Act)

94.     Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

95.      At all relevant times hereto, Defendant has been, and is, an employer engaged in commerce, as those terms are defined in 29 U.S.C. §203(b) and (d). As such, Defendant employed the FLSA Class members. At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

96.     Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendant required Plaintiff and FLSA Class members, as part of their employment, to work without paying them the minimum hourly wage as required by 29 U.S.C. § 206.

97.     Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendant required Plaintiff and FLSA Class members, as part of their employment, to work in excess of the 40 hour per week maximum under 29 U.S.C. §207(a)(1), without proper overtime compensation as required by 29 U.S.C. § 207.

98.     During the relevant time period, Defendant willfully failed to pay all minimum and overtime wages owed to Plaintiff and FLSA Class members.

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

99.    As a result of the foregoing, Plaintiff and FLSA Class members are entitled to recover their unpaid balance of the full amount of unpaid minimum and overtime compensation, as well as interest, costs and attorneys' fees, pursuant to 29 U.S.C. §§ 206, 207, and 216(b).

100.    Plaintiff and FLSA Class members are also entitled to recover liquidated damages for Defendant's failure to pay minimum and overtime wages in an amount equal to the wages unlawfully unpaid and interest therein pursuant to 29 U.S.C. § 216(b).

101.    In committing the violations as herein alleged, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and FLSA Class members for all wages earned. As a direct result, Plaintiff and FLSA Class members have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under federal law, all to their respective damage in amounts according to proof at trial.

**TENTH CAUSE OF ACTION**

**VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

(On Behalf of Aggrieved Employees)

(California Labor Code §§ 2698, *et seq.*)

102.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

103.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

104.   For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

105.   Defendant's conduct violates numerous Labor Code sections including, but not limited to, the following:

(a)    Violation of Labor Code §§ 1194, 1197, 1197.1, and 1198 for unpaid minimum wages as herein alleged;

(b)    Violation of Labor Code §§ 510, 1194 and 1198 for Defendant's failure to pay all required overtime wages as herein alleged;

(c)    Violation of Labor Code §§ 226.7 and 512 for Defendant's failure to provide lawful meal periods or compensation in lieu thereof as herein alleged;

(d)    Violation of Labor Code § 226.7 for Defendant's failure to provide lawful rest periods or compensation in lieu thereof as herein alleged;

(e)    Violation of Labor Code §§ 2800 and 2802 for failure to reimburse business expenses as herein alleged;

(f)    Violation of Labor Code §§ 226 and 226.3 for failure to provide accurate itemized wage statements as herein alleged;

(g)    Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain employment records as herein alleged; and

(h)    Violation of Labor Code §§ 201, 202, 203, 204, and 210 for failure to timely pay all earned wages owed during employment and upon separation of employment as herein alleged.

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

106.   Further, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee."  Labor Code § 558(c) provides "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."  Plaintiff seek to recover these penalties (including the unpaid wages) pursuant to PAGA.

107.   Plaintiff is an "aggrieved employee" because she was employed by the alleged violator and had one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of all other aggrieved employees.

108.   Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

109.   Pursuant to Labor Code §§ 2699(a) and (f), 2699.3 and 2699.5, Plaintiff and all other aggrieved employees are entitled to recover civil penalties against Defendant for violations of the above-cited sections of the Labor Code.

110.   Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and the general public.  Plaintiff therefore seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

## **PRAYER FOR RELIEF**

Plaintiff, on her own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendant, jointly and severally, as follows:

1.  For certification of this action as a class action, including certifying the proposed Classes and/or Subclass alleged by Plaintiff under FRCP Rule 23, California Code of Civil Procedure § 382, and/or certification as a collective action 29 U.S.C. § 216;

2.  For appointment of Marcia Marsh as the class representative;

3.  For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.  For compensatory damages in an amount according to proof with interest thereon;

5.  For economic and/or special damages in an amount according to proof with interest thereon;

6.  For liquidated damages pursuant to Labor Code § 1194.2 and 29 U.S.C. § 216(b);

7.  For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to 29 U.S.C. § 216(b), California Code of Civil Procedure § 1021.5, and California Labor Code §§ 226(e), 1194, and 2699(g);

8.  For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.  For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10. For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

///

///

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

11.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

12.     For pre-judgment interest; and

13.     For such other relief as the Court deems just and proper.

Dated: February 17, 2017          **AEGIS LAW FIRM, PC**

By: _____
                    Ali S. Carlsen
                Attorneys for Plaintiff

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3

4

Plaintiff hereby demands trial of Plaintiff's claims by jury to the extent authorized by law.

5

Dated: February 17, 2017        **AEGIS LAW FIRM, PC**

6

7

By: _____

8

Ali S. Carlsen
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION COMPLAINT